**GOVERNMENT OF the CANAL ZONE,
Plaintiff-Appellee,**

v.

**Rogelio Miguel KING L. (Lippsitt),
Defendant-Appellant.**

No. 78–5570
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 25, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Ray J. McQuary, Federal Public Defender, Balboa Heights, C. Z., for defendant-appellant.

Frank J. Violanti, U. S. Atty., William H. Beatty, Wallace D. Baldwin, Asst. U. S. Attys., Balboa Heights, C. Z., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

On this appeal from a judgment of conviction of criminal battery, Rogelio Miguel King L. (Lippsitt) raises two Constitutional claims: (1) the District Court's sentence following a trial *de novo* violated the Fifth Amendment Due Process Clause because it was more severe than the sentence first imposed by the Magistrate and (2) the denial of his Sixth Amendment Right to Counsel at the first trial before the Magistrate rendered the District Court's sentence unconstitutional. Satisfied that no violence has been done these Constitutional guarantees, we affirm.

■ King was originally convicted in the Magistrate's Court for the Town and Subdivision of Cristobal, Canal Zone for committing a battery during an altercation with a Canal Zone Police Officer and sentenced to serve 30 days in jail. 6 C.Z.C. § 332. He was not represented by counsel.[1] He appealed his conviction under Canal Zone law which authorizes appeals to the District Court from judgments of the Magistrate's Court in all criminal convictions. 6 C.Z.C. § 3921. King requested that the District Court reverse and remand for a new trial before the Magistrate. When such a notice of appeal is filed in the Canal Zone, however, the District Court does not review the proceedings in the Magistrate's Court; the Canal Zone Code mandates a trial *de novo* in all such cases. 6 C.Z.C. § 3924. King

was represented by counsel at the trial *de novo* before the District Court. He was again convicted and sentenced to 30 days in jail and a $100 fine.

■ King first argues that he was denied Due Process when the District Court imposed a greater sentence than had been imposed by the Magistrate. He relies on the general rule that a judge may not impose a harsher sentence following retrial if the purpose of the increase is to punish the defendant for having successfully attacked the prior conviction on appeal. Such vindictiveness violates the Due Process Clause; when a judge does impose a harsher sentence following retrial, some reasons for the increase must be set out so that it is plain that no vindictiveness was involved. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, the Supreme Court has held that a defendant once convicted in a magistrate's court who is tried *de novo* and convicted again before another court may be sentenced more severely than in the first court, even without any reason being given for the increase in punishment. *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). This is so because the inherent risk of vindictiveness, against which the Due Process Clause protects, is insignificant in a trial *de novo* as opposed to a retrial following reversal on appeal.

King seeks to distinguish *Colten* in that, when he filed his "appeal," he requested only a reversal and remand, unlike the defendant in *Colten* who requested a trial *de novo*. The obvious flaw in this attempt at distinction is that here the District Court had no authority except to conduct a trial *de novo*, once an appeal was noticed. 6 C.Z.C. §§ 3921 and 3924. King further attempts to distinguish *Colten* on the fact that he was not guided by a lawyer before the Magistrate or in making the appeal, unlike the defendant in *Colten* who was

---

1. King and the Government present conflicting explanations for the lack of counsel before the Magistrate. We need not resolve this conflict, since only the fact that King had no lawyer is significant to our decision. We assume only for the sake of this opinion that King was unconstitutionally denied counsel at the trial in the Magistrate's Court.

represented by a lawyer at the time he decided to seek a trial *de novo*. This further attempt at distinction also fails. King apparently reasons that a represented defendant makes some sort of election to run the risk of harsher punishment by seeking a trial *de novo*, and he made no such election since he was unrepresented. We cannot agree. The *ratio decidendi* in *Colten* was not based on any notion of waiver. The judgment imposing the harsher sentence was affirmed because the Supreme Court was convinced that the increase could not be a result of vindictiveness. We believe that *Colten* controls here; the District Court's imposition of the harsher sentence, well within the maximum authorized by statute, did not deny King Due Process.

King's Sixth Amendment argument centers on the fact that he was not represented by counsel in the Magistrate's Court, yet he was sentenced to 30 days in jail by the District Court. He alleges that he did not waive his right to counsel and would have us conclude that the sentence he received was unconstitutional. He depends on the Supreme Court's decision in *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972), which held "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *See also Scott v. Illinois*, —— U.S. ——, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). This argument is without merit. King was sentenced to imprisonment by the District Court as a result of a conviction at a trial *de novo* in which he was represented by counsel. Thus, there is no Sixth Amendment violation in the District Court's sentence. What went on before the Magistrate, just as the Magistrate's judgment and sentence, is of no consequence.

AFFIRMED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.