**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Horst SCHOENHOFF,**
**Defendant–Appellant.**

No. 90–1127
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1990.

Charles Louis Roberts, Matthew R. Dekoatz, El Paso, Tex., for defendant-appellant.

James T. Jacks, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and DUHÉ, Circuit Judges.

PER CURIAM:

Horst Schoenhoff appeals from the sentence imposed by the district court. This is our third review of Schoenhoff's sentence. Twice previously we vacated the sentence imposed by the district court and remanded for resentencing. Schoenhoff contends that the district court's most recent sentence exhibits the vindictiveness condemned by the Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Schoenhoff also assigns as error the district court's denial of his motion to transfer his cause to another judge prior to his second resentencing. We affirm.

### I.

Our original decision sets forth in detail the factual basis underlying the crimes and convictions of Schoenhoff and his several co-defendants. *See United States v. Goff,* 847 F.2d 149 (5th Cir.), *cert. denied sub nom. Kuntze v. United States,* 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 341 (1988). Briefly, Schoenhoff was charged and convicted under 6 counts of a 29–count indictment concerning his role in activities of importation, possession and distribution of large quantities of marijuana into the United States from Belize. At the original trial, Schoenhoff was charged and convicted on the following counts:

COUNT 9: 21 U.S.C. § 963 (conspiracy to import marijuana);

COUNT 10: 21 U.S.C. §§ 952, 960; 18 U.S.C. § 2 (importation of marijuana; aiding and abetting);

COUNT 14: 21 U.S.C. § 963 (conspiracy to import marijuana);

COUNT 18: 18 U.S.C. § 1952 (interstate travel in aid of racketeering);

COUNT 20: 21 U.S.C. § 846 (conspiracy to possess with intent to distribute marijuana);

COUNT 21: 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2 (distribution of marijuana; aiding and abetting).

On each of counts 9, 10, 14, 20 and 21, Schoenhoff was ordered to serve a term of imprisonment of 15 years and to pay a $50,000 fine. He was also ordered to serve special parole terms of 3 years on both counts 10 and 21. On count 18, Schoenhoff was ordered to serve a term of imprisonment of 5 years and to pay a $10,000 fine. Each count carried a mandatory $50 special assessment. Schoenhoff was ordered to serve counts 9 and 10 concurrently, to serve counts 14, 20 and 21 concurrently but consecutive to counts 9 and 10, and to serve count 18 consecutive to all other counts. The special parole terms under counts 10 and 21 were to run concurrently. Thus, his total term of imprisonment was set at 35 years followed by a 3 year special parole term, with total fines of $260,000 and special assessments of $300.

On appeal in *United States v. Goff*, *supra*, noting that counts 9 and 14 both involved conspiracy to import, we vacated both sentences in order to prevent double jeopardy, but instructed the district court to enter a guilty judgment as the government elected on either count 9 or 14. We affirmed his conviction under counts 10, 20 and 21. We set aside his conviction under count 18. *Goff*, 847 F.2d at 178–79.

The government elected conviction under count 9, dismissing count 14. Thus Schoenhoff was resentenced only under counts 9, 10, 20, and 21. For each count he again received a term of 15 years, a fine of $50,000, and a special assessment of $50. Counts 10 and 21 each carried the same special parole term of 3 years. As before, the terms of imprisonment under counts 9 and 10 were to run concurrently. Likewise, the terms of imprisonment under counts 20 and 21 were again to run concurrently but consecutive to counts 9 and 10. The special parole terms under counts 10 and 21 again were to run concurrently. Thus, Schoenhoff's total term of imprisonment was set at 30 years followed by a 3 year special parole term, with total fines of $200,000 and special assessments of $200.

On this remand the district court amended its judgment by order without having the defendant present. Because we vacat-

ed the judgment on his first appeal, no subsequent sentence could be predicated on that conviction without resentencing. Such resentencing required the presence of the defendant. *See United States v. Shubbie*, 778 F.2d 199 (5th Cir.1985); FED.R.CRIM.P. 43. On Schoenhoff's second appeal, we vacated the sentence under count 9 and remanded for resentencing. *United States v. Schoenhoff*, 884 F.2d 574 (5th Cir.1989) (Table).

Schoenhoff filed a "Suggestion of Motion to Transfer Cause" to allow another judge to resentence him, which was denied. With Schoenhoff present, the district court reimposed the sentence fixed on the second remand. This appeal followed.

## II.

### A. Vindictive Resentencing

Schoenhoff claims that the current sentence imposed reflects a vindictiveness on the part of the sentencing judge which sought to punish him for successfully appealing the previously imposed sentences. He bases this claim on three points. First, since counts 14 and 18 were dismissed following the first appeal, fewer counts were prosecuted. Second, the district court agreed to consider a lesser amount of marijuana than it had initially considered as a basis for sentencing. Third, the relevant criminal acts occurred in a shorter timeframe than those which the district court considered initially. While each of these points is abstractly correct, they do not establish a violation of the Supreme Court's pronouncements in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The general rule derived from *North Carolina v. Pearce* holds that a judge may not impose a harsher sentence upon remand if the purpose of the increase is to punish the defendant for having successfully appealed the prior conviction. Because such vindictiveness violates due process, when a judge does impose a harsher sentence following a successful appeal, some reason for the increase must plainly demonstrate that no vindictiveness was in-

volved. *Government of the Canal Zone v. King,* 595 F.2d 1114, 1115 (5th Cir.1979). However, the first inquiry must be whether the new sentence is actually harsher than that imposed prior to successful appeal. "When, as in the instant case, the effect of an appellant's challenge implicates the sentencing scheme with respect to interrelated or intertwining counts, the presumption of vindictiveness does not arise if the overall sentence is not increased." *United States v. Forester,* 874 F.2d 983 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989). Schoenhoff's current sentence cannot be deemed harsher than either of his previous two sentences, as his overall sentence has not increased in any respect.

Compared to his first sentence, the total term of imprisonment imposed on the second remand was reduced by 20 years, although the net term was reduced by only 5 years. His fines were reduced by $60,000, and his mandatory special assessments were reduced by $100. His special parole term remained the same. The fines and special assessments reflect a decrease exactly equal to the penalties under the dismissed counts 14 and 18. His term of imprisonment evinces a like calculation. Counts 9 and 10, each of which bore a term of 15 years, were imposed concurrently both at initial sentencing and on the second remand. Counts 14, 20 and 21 each initially carried a term of 15 years, to be served concurrently. On the second remand, with count 14 dismissed, a term of 15 years was imposed on both counts 20 and 21, again imposed concurrently. These counts were to run consecutive to the concurrent term under counts 9 and 10, just as they were when initially handed down. Thus, the sentence imposed on the second remand is not harsher than Schoenhoff's original sentence. It is, in fact, less onerous, reflecting an exact accommodation of our ruling on his first appeal.

█ Schoenhoff's contention that he was to serve 30 years both originally and after remand is plainly incorrect. Furthermore, no argument properly can be made that, because imprisonment under counts 14 and 18 added up to 20 years, his total sentence was required to be lessened by the same 20 years. When concurrent and consecutive sentences are imposed on related counts, the reversal or dismissal of one or more counts does not mandate a *pro tanto* reduction in the total net sentence imposed. Count 14 originally ran concurrently to counts 20 and 21, which remained undisturbed after appeal. Reimposition of sentences affirmed on appeal in no way evinces vindictiveness on the part of the district court. We note that another panel has rejected similar claims raised by one of Schoenhoff's co-defendants. *See United States v. Drewes,* 891 F.2d 903 (5th Cir. 1989) (Table).

Compared to the sentence imposed on the first remand, his current sentence reflects no difference at all. This clearly was permissible, as our second remand dealt only with the formalities of the sentencing procedure and not the validity of the sentence itself. Schoenhoff argues that we should indulge a "presumption of vindictiveness" following two appellate reversals. Such a presumption is unwarranted. Where the requisite showing of a harsher penalty is not made, there can be no claim at all of vindictiveness upon resentencing. *See United States v. Cataldo,* 832 F.2d 869, 874–75 (5th Cir.1987), *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988); *Brooks v. Wyrick,* 486 F.Supp. 939, 943–44 (E.D.Mo.1979), *aff'd mem.,* 620 F.2d 308 (8th Cir.), *cert. denied,* 446 U.S. 969, 100 S.Ct. 2949, 64 L.Ed.2d 829 (1980).

### B. Denial of Transfer prior to Resentencing

█ Schoenhoff raises the related argument that it was error not to grant his motion to transfer this cause to another judge for resentencing. He submits that, in the interest of justice and the avoidance of the appearance of vindictiveness, his resentencing should have been conducted by another judge he claims was as familiar with the case as the trial court. We disagree.

In pertinent part, 28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [¶] *The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists * * *.* (Emphasis added.)

Schoenhoff attached no supporting affidavit to his "Suggestion or Motion to Transfer Cause." Neither did his motion contain in itself any facts or reasons demonstrating a belief why prejudice existed. It made only this statement: "Given the fact that this Court has been reversed twice as to sentencing, Counsel respectfully suggests that a transfer would be in the interest of Justice and in the interest of the appearance of justice. [¶] Various courts have suggested that it is the proper course of procedure to transfer cases after the second reversal." Conspicuously absent is any citation there or here to actual cases supporting this contention.

A judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned, particularly where he has a personal bias or prejudice concerning a party before the court. 28 U.S.C. § 455(a) and (b)(1); *see In re Faulkner,* 856 F.2d 716, 720–21 (5th Cir.1988). However, the basis for Schoenhoff's claim is supported by only a conclusory allegation that two reversals created a presumption of vindictiveness on the part of the trial court. We reject such a presumption. No evidence of vindictiveness appears in the sentences imposed. We refuse to transfer an action for resentencing solely because two prior sentences imposed by the trial court have been reversed. Schoenhoff filed no supporting affidavit stating facts demonstrating a personal bias by the judge. Therefore, the judge was under no obligation to stand down, and we were under none to transfer this cause for sentencing by another court. *See United States v. Serrano,* 607 F.2d 1145, 1150 (5th Cir.

1979), *cert. denied,* 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980).

The judgment of the district court is AFFIRMED.