06-2026-cr
United States v. James Johnson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28<u>th</u> day of July, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > <u>Circuit Judges</u>,
> DAVID G. TRAGER,[*]
> > <u>District Judge</u>.

_____

United States of America,

> <u>Appellee</u>,

> v.                                           06-2026-cr

James Johnson,

> <u>Defendant-Appellant</u>.

_____

FOR APPELLANT:          DAVID A. LEWIS, Federal Defenders of New York, Inc., New York, NY

_____

 [*]David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:             BERIT W. BERGER, Assistant United States Attorney, of counsel to Benton J. Campbell, United States Attorney for the Eastern District of New York (David C. James, on the brief)


Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **VACATED**, and that this case be **REMANDED** for further proceedings consistent with this order.

Defendant was convicted of murder in the course of a robbery in violation of 18 U.S.C. § 924(j)(1), among other offenses. In 2008, a panel of this Court vacated defendant's life sentence and remanded for resentencing. See United States v. Johnson, 273 Fed. Appx. 95, 101 (2d Cir. 2008). On remand, the district court declined to conduct a new sentencing hearing and instead issued a new sentencing opinion once again sentencing defendant to life. We assume the parties' familiarity with the procedural history, facts, and issues on appeal.

As the government concedes, this Court's order vacating defendant's sentence required the district court to conduct a de novo resentencing. See United States v. Maldonado, 996 F.2d 598, 599 (2d Cir.1993) ("[W]hen a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced."); see also United States v. Barnes, 948 F.2d 325, 330 (7th Cir. 1991); United States v. Schoenhoff, 919 F.2d 936, 938 (5th Cir. 1990). This requires, among other things, that the defendant be afforded a right of allocution, viz. that the defendant be permitted "to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii); see also United States v. Margiotti, 85 F.3d 100, 103 (2d Cir. 1996). In spite of defendant's protests, the district court did not allow defendant to be heard prior to imposing sentence. This was reversible error. See United States v. Gonzeles, 529 F.3d 94, 97 (2d Cir. 2008); see also United States v. Muhammad, 478 F.3d 247, 250-51 (4th Cir. 2007).

Since the government concedes that the district court's Rule 32 violation requires vacatur, the sole question on appeal is whether we should reassign this case to a different district judge on remand. "Remanding a case to a different judge is a serious request rarely made and rarely granted." United States v. Awadallah, 436 F.3d 125, 135 (2d Cir. 2006). Nevertheless, a case may be reassigned on remand "to preserve the appearance of justice." United States v. Campo, 140 F.3d 415, 420 (2d Cir. 1998) (quoting United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam) (en banc)). Specifically, "[a]bsent proof of personal bias ... the principal factors ... are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignement is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." Robin, 553 F.2d at 10 (2d Cir. 1977).

2

In this case, we conclude, in the exercise of our "considerable discretion," United States v. Hernandez, 604 F.3d 48, 55 (2d Cir. 2010), t`hat reassignment of the case to a different judge is advisable. Though we do not doubt that Judge Johnson would comply faithfully with our instructions following remand, and express no view as to the proper sentence in this case, the number of errors that have attended defendant's repeated sentencing proceedings could lead a reasonable observer to question the court's impartiality. Cf. United States v. Hirliman, 503 F.3d 212, 216 (2d Cir. 2007) (noting that "it is not unprecedented for a case to be remanded to a different judge after a district court has twice used an improper sentencing procedures"). Though we are mindful of the inefficiencies associated with reassignment, we further note that because defendant is entitled to a de novo resentencing, any district judge would be required to update the record and re-weigh the factors contained in 18 U.S.C. § 3553(a). See Hernandez, 604 F.3d at 56.

Accordingly, the judgment of the district court is VACATED and REMANDED, and we direct that the case be assigned to a different judge for resentencing.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3