**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4406**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTIAN M. ALLMENDINGER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:10-cr-00248-REP-1)

Argued:  October 30, 2020          Decided:  December 29, 2020

Before GREGORY, Chief Judge, and FLOYD and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Chief Judge Gregory and Judge Floyd joined.

**ARGUED:** EJ Hurst, II, Lexington, Kentucky, for Appellant. Jessica D. Aber, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

In 2011, a jury convicted Christian M. Allmendinger of various counts of mail fraud, securities fraud and money laundering. The district court sentenced him to 540 months in prison. We affirmed on direct appeal. *United States v. Allmendinger*, 706 F.3d 330 (4th Cir. 2013). Thereafter, Allmendinger petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which the district court denied. *See United States v. Allmendinger*, 894 F.3d 121, 125 (4th Cir. 2018). On appeal, we held that Allmendinger's original appellate counsel "failed to raise a significant and obvious issue that, if raised, likely would have resulted in the reversal of [his] money laundering convictions." *Id.* at 124. Accordingly, we vacated Allmendinger's sentence and money laundering convictions and remanded to the district court. *Id.* at 131. At resentencing on the remaining counts of conviction, the district court again sentenced Allmendinger to a total prison term of 540 months. Allmendinger now appeals, arguing that the district court ignored some of his sentencing arguments, failed to properly weigh the relevant sentencing factors and exhibited bias by imposing the same sentence that it imposed at the original sentencing hearing.[1] For the reasons that follow, we affirm.

---

[1] Additionally, Allmendinger questions whether, at resentencing, the district court improperly relied on the vacated money laundering convictions, though he concedes that controlling precedent forecloses this claim. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (holding that a "sentencing court [may] consider[] conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence").

We review Allmendinger's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court adequately explained the chosen sentence, *see id.* at 51, and whether it addressed all nonfrivolous arguments for a different sentence. *See United States v. Blue*, 877 F.3d 513, 518–19 (4th Cir. 2017). If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2018).

Initially, Allmendinger contends that the district court procedurally erred by failing to address his evidence of post-sentencing rehabilitation. But contrary to Allmendinger's contention, the district court acknowledged that post-sentencing rehabilitation bears on the sentencing analysis and addressed Allmendinger's arguments. J.A. 223. The district court concluded that, despite Allmendinger's rehabilitative efforts, the sentence was appropriate under the statutory sentencing factors in light of the extensive, life-altering damage resulting from his crimes. J.A. 223, 227–28, 231–33. The district court did not abuse its discretion in reaching this conclusion. In addition, we discern no abuse of discretion in the district court's determination that certain empirical data, cited by Allmendinger in support of his claim that he was unlikely to recidivate, was too abstract to bear meaningfully on his sentence.

Next, Allmendinger asserts the district court improperly imposed the same 540-month sentence after the vacatur of his money laundering convictions. We addressed this

3

issue in *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017). There, in discussing the sentencing package doctrine, we held that, "if some counts [of a multicount criminal judgment] are vacated, 'the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan.'" *Id.* (quoting *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999)). That is what the district court did here. Indeed, during Allmendinger's resentencing, the district court noted that it previously "devised a sentence that [it] thought was appropriate" but that the money laundering charges were not "the driver of the sentencing." J.A. 227–28. Rather, the district court noted that the sentence was dictated by "the egregious conduct in which [Allmendinger] engaged," which "damaged hundreds of people" and "wip[ed] out the life savings" of many. J.A. 227. Therefore, in resentencing Allmendinger, the district court concluded that an analysis of the statutory sentencing factors dictated the same result even though the money laundering convictions had been vacated. J.A. 230–33. We cannot say that in doing so, the court abused its discretion.

Furthermore, nothing in the record supports Allmendinger's suggestion that, in retaliation for Allmendinger's successful appeal in the § 2255 proceeding, the district court vindictively declined to impose a lower sentence. A presumption of vindictiveness applies only when a defendant's new sentence is "actually harsher than that imposed prior to successful appeal." *United States v. Kincaid*, 964 F.2d 325, 328 (4th Cir. 1992) (quoting *United States v. Schoenhoff*, 919 F.2d 936, 939 (5th Cir. 1990)). In the absence of such a presumption, a defendant must prove actual vindictiveness. *Id.* Here, Allmendinger received the same aggregate sentence in his resentencing; therefore, the presumption does

4

not apply. *See id.* Additionally, Allmendinger has offered no evidence to suggest that the district court retaliated against him for filing a § 2255 petition and appealing the denial of that petition. To the contrary, our review of the record indicates the district court carefully ensured it understood all the evidence presented by Allmendinger and all his arguments about that evidence. It just reached a decision contrary to the one Allmendinger advanced. Accordingly, we reject Allmendinger's assertion that the district court vindictively declined to impose a lower sentence.

Finally, with respect to the substantive reasonableness of his sentence, Allmendinger insists that the district court should have attributed more significance to his rehabilitation evidence. However, as with the other issues raised on appeal, the district court considered Allmendinger's evidence and the totality of the circumstances under the statutory sentencing factors. It just was not persuaded by Allmendinger's arguments. Allmendinger's mere disagreement with the value or weight given to each sentencing factor does not demonstrate an inappropriate exercise of the district court's sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). Based on our review of the record, Allmendinger failed to rebut the presumption of reasonableness accorded to his sentence, which was below the applicable Sentencing Guidelines range.[2] *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[2] We note that the district court determined that the applicable Sentencing Guidelines range was life imprisonment or the applicable statutory maximum sentence. J.A. 195. The statutory maximum here was 780 months. J.A. 195. Therefore, Allmendinger's 540-month sentence was substantially below the applicable Sentencing Guidelines range. Additionally, while in no way binding on us, in a previous opinion, we

5

Accordingly, for the foregoing reasons, we affirm.

*AFFIRMED*

---

noted "that challenging Allmendinger's sentence as substantively unreasonable was a long shot." *Allmendinger*, 894 F.3d at 128.