**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7473**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GIUSEPPE PILEGGI,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:06-cr-00151-RJC-1; 3:14-cv-00159-RJC)

Submitted: August 29, 2018                    Decided: October 18, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Giuseppe Pileggi, Appellant Pro Se. Ellen Ruth Meltzer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giuseppe Pileggi appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We previously granted a partial certificate of appealability and ordered additional briefing as to a single issue: whether the district court erred in rejecting Pileggi's claims that his trial and appellate counsel were ineffective in failing to challenge a variance in the evidence supporting Counts 2 to 23, which alleged substantive counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012). For the reasons that follow, we vacate the district court's judgment and remand for further proceedings.

In considering the district court's denial of a § 2255 motion, we review the district court's legal conclusions de novo. *United States v. Hairston*, 754 F.3d 258, 260 (4th Cir. 2014). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and "we review the facts in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

To establish ineffective assistance of counsel, Pileggi must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that this deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Pileggi must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted); *see United States v. Mason*, 774 F.3d 824, 828-29 (4th Cir.

2

2014) (discussing ineffective assistance of appellate counsel). To demonstrate prejudice, Pileggi must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see United States v. Allmendinger*, 894 F.3d 121, 131 (4th Cir. 2018) (discussing ineffective assistance of appellate counsel).

The Fifth Amendment guarantees a federal criminal defendant the right to "be tried only on charges in a grand jury indictment." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted). "When the government, through its presentation of evidence or its argument, . . . broadens the bases for conviction beyond those charged in the indictment, a constructive amendment— sometimes referred to as a fatal variance—occurs." *United States v. Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013) (internal quotation marks omitted); *see United States v. Ashley*, 606 F.3d 135, 142 (4th Cir. 2010). "[I]n this [C]ircuit constructive amendments are erroneous per se and require reversal regardless of preservation." *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010).

In contrast, "a mere variance occurs when the facts proven at trial support a finding that the defendant committed the indicted crime, but the circumstances alleged in the indictment to have formed the context of the defendant's actions differ in some way nonessential to the conclusion that the crime must have been committed." *United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018) (internal quotation marks omitted), *petition for cert. filed*, __ U.S.L.W. __ (U.S. June 4, 2018) (No. 17-9189). A mere "variance does not violate a defendant's constitutional rights unless it prejudices the defendant either by

3

surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Ashley*, 606 F.3d at 141 (internal quotation marks omitted).

To convict Pileggi of wire fraud, the Government was required to prove that he "(1) devised or intended to devise a scheme to defraud and (2) used . . . wire communications [or caused wire communications to be used] in furtherance of the scheme." *United States v. Wynn*, 684 F.3d 473, 477 (4th Cir. 2012); *see United States v. Raza*, 876 F.3d 604, 614 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2679 (2018). "It is the physical act of transmitting the wire communication [or causing its transmission] for the purpose of executing the fraud scheme that creates a punishable offense, not merely the existence of a scheme to defraud," and "each . . . wire transmission in furtherance of the fraud scheme constitutes a separate offense." *United States v. Jefferson*, 674 F.3d 332, 367 (4th Cir. 2012) (internal quotation marks omitted).

Pileggi contends that a variance occurred with respect to Counts 2 to 23, as the Government failed to present evidence to support the specific wire transmissions alleged in the indictment as the basis for each of these counts, and that his counsel were ineffective in failing to challenge that variance.[*] In rejecting Pileggi's claims, the district court concluded that no variance occurred. The court cited specifically to trial testimony

---

[*] While Pileggi's informal brief specifically addresses the variance, rather than counsel's performance, it effectively challenges the dispositive basis for the district court's ruling on his ineffective assistance claims. Construing Pileggi's brief liberally, as we must, *see Erickson v. Pardus*, 551 U.S. 89 (2007), we find his argument adequate to preserve appellate review of the ineffective assistance claims.

4

from Postal Inspector Jose Gonzalez regarding Government Exhibits 38 to 65 and observed that the trial court had found the evidence sufficient with respect to the substantive wire fraud counts. The trial court's finding similarly was based on the Government's representation at trial that Counts 2 to 23 had been established in part through Government Exhibits 38 to 65. As Pileggi argued, however, the available record indicates that these exhibits do not match the information alleged in the substantive wire fraud counts. In its response brief, the Government now appears to acknowledge that these exhibits relate instead to the overt acts of the conspiracy alleged in Count 1.

The Government asserts on appeal that the trial evidence was sufficient to prove Counts 2 to 23, relying principally on a different trial exhibit—Government Exhibit 98. This exhibit was not initially transmitted in the record on appeal, and we are uncertain whether it was available to the district court during the § 2255 proceedings. Further, the Government's arguments on appeal differ from those it presented to the district court. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (recognizing that this court generally does not consider arguments raised for first time on appeal absent exceptional circumstances).

Even considering Government Exhibit 98, our review suggests, and the Government now concedes, that at least some discrepancy exists between the substantive wire fraud counts alleged in the indictment and the evidence of these counts presented at trial. We do not doubt, and Pileggi does not dispute, that the Government proved both the conspiracy alleged in Count 1 and the fraudulent scheme underlying Counts 2 to 23. We conclude, however, that the record below is not sufficiently developed—particularly

5

as to the scope of the discrepancy and any resulting prejudice—to permit meaningful appellate review of Pileggi's claims. *See, e.g.*, *United States v. Mehta*, 594 F.3d 277, 281-82 (4th Cir. 2010) (discussing variance in wire fraud context). We therefore conclude that remand is warranted to permit the district court to consider the Government's arguments and conduct any necessary factfinding in the first instance.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We grant the Government's motion to seal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*