**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4303

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AURELIUS EDMONDS, a/k/a Bunkie,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:18-cr-00225-1)

Submitted:  February 8, 2024                    Decided:  March 8, 2024

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth N. Gaba, Columbus, Ohio, for Appellant.  William S. Thompson, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aurelius Edmonds appeals his conviction and the 300-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. On the Government's motion, we previously dismissed Edmonds' appeal in part pursuant to the appeal waiver contained in the plea agreement but declined to dismiss the appeal as to Edmonds' claims of ineffective assistance of counsel. Following the completion of briefing on those claims, we affirm.

We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the . . . record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because such claims generally are not cognizable on direct appeal, they should normally be raised in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023).

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689. To establish prejudice, the defendant must show "a reasonable probability that, but

2

for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Allmendinger*, 894 F.3d 121, 126 (4th Cir. 2018) (internal quotation marks omitted).

The current record does not conclusively establish that counsel rendered ineffective assistance before the district court. Edmonds' claims thus "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Kemp*, 88 F.4th at 546 (internal quotation marks omitted). Accordingly, to the extent we have not already dismissed Edmonds' appeal, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*