**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4218

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WHITNEY LEIGH ESTEP,

Defendant - Appellant.

No. 23-4298

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BETTY ODESSA DOVER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Loretta C. Biggs, District Judges.  (1:22-cr-00177-WO-03; 1:22-cr-00177-LCB-2)

Submitted:  May 30, 2024                                    Decided:  June 3, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** J. Edward Yeager, Jr., Cornelius, North Carolina; Christopher R. Clifton, GRACE, TISDALE & CLIFTON, PA, Winston-Salem, North Carolina, for Appellants. Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Whitney Leigh Estep and Betty Odessa Dover appeal the criminal judgments entered following their guilty pleas to conspiracy to possess with intent to distribute an unspecified quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. The district court varied below Estep's Sentencing Guidelines range of 240 months and imposed a 180-month custodial sentence, plus a 3-year term of supervised release. Dover received a 168-month sentence, which was at the bottom of her Guidelines range of 168-210 months, plus a 3-year term of supervised release. These appeals followed and were consolidated in this court. For the reasons explained below, we affirm the criminal judgments.

I.

Estep's lead argument relates to the district court's handling of the testimony offered by Jiani Alston, who testified under subpoena at Estep's sentencing. Alston was accompanied by his attorney, Jennifer Dominguez. Because Alston was not immune from prosecution in the Middle District of North Carolina, Ms. Dominguez advised Alston not to answer certain questions posed by Estep's attorney, which would arguably implicate him in the conspiracy of which Estep stood convicted. Alston adhered to his attorney's advice and, when asked by the court, declined to answer certain questions based on the Fifth Amendment. Counsel for Estep agreed with the approach employed by the district court

3

and lodged no objection.  On appeal, Estep claims the court reversibly erred by allowing

Alston's attorney to assert the Fifth Amendment privilege on his behalf.[*]

We generally review the district court's evidentiary ruling on such an issue for abuse

of discretion.  *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008).  The Government

counters that, because Estep failed to object to Alston's invocation of his Fifth Amendment

privilege at the hearing, the matter is reviewable only for plain error.  Upon review, we

conclude that Estep's Fifth Amendment claim fails under either standard.

It is well established that the Fifth Amendment right against forced self-

incrimination "not only extends to answers that would in themselves support a conviction

under a federal criminal statute but likewise embraces those which would furnish a link in

the chain of evidence needed to prosecute the claimant for a federal crime."  *Hoffman v.*

*United States*, 341 U.S. 479, 486 (1951).  A witness's invocation of the privilege is proper

unless it is "perfectly clear, from a careful consideration of all the circumstances in the

case, that the witness is mistaken" and his answers could not "possibly have" a "tendency

to incriminate."  *Id*. at 488 (cleaned up).

When, as here, "a defendant's right to compel testimony conflicts with a witness'

privilege against self-incrimination, . . . a court must make a proper and particularized

inquiry into the legitimacy and scope of the witness' assertion of the privilege."  *United*

*States v. Sayles*, 296 F.3d 219, 223 (4th Cir. 2002) (internal quotation marks omitted).  Our

---

[*] Estep further intimates that the court *required* Alston to defer to his attorney's advice, but the record belies any such a suggestion.

4

review of the sentencing transcript confirms that the district court conducted a proper inquiry to ascertain the questions Estep's counsel sought to pose and the scope of the privilege sought by Alston. And while it is axiomatic that "the immunity provided by the 5th Amendment against self-incrimination is personal to the witness himself," *McAlister v. Henkel*, 201 U.S. 90, 91 (1906), we discern no error in the court allowing Alston's counsel to standby during questioning and confer with Alston in real-time. Despite Estep's claim to the contrary, the record confirms that Alston personally asserted the privilege after conferring with his attorney, and that the court ruled on the asserted privilege on a question-by-question basis. Thus, we reject Estep's assignment of error as to how the district court handled Alston's assertion of the privilege.

Estep also challenges both the procedural and substantive reasonableness of her downward variant sentence. We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). It is well established that we first "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[ ] the district court's legal conclusions de novo and its factual

5

findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

If the sentence is free of procedural error, we then review it for substantive reasonableness. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Our substantive reasonableness review requires that we "take[] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). We afford a presumption of substantive reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022). A defendant rebuts this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

Regarding Estep's arguments related to the procedural reasonableness of her sentence, we discern no clear error in any of the factual findings that drove the district court's computation of the relevant Guidelines range. Specifically, the Government called two sentencing witnesses to establish that Estep exercised supervisory or managerial control over one of her coconspirators, which was the only element of the 3-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(b) (2021) that Estep

6

disputed.  Further, because Estep's sentencing testimony reflected an ongoing effort to minimize her involvement in the conspiracy, undercut the relevant conduct outlined in the presentence report, and deflect blame, we discern no clear error in the district court denying Estep a three-level reduction for acceptance of responsibility.  *See United States v. Jeffery*, 631 F.3d 669, 678 (4th Cir. 2011) (providing standard of review); *see also* USSG § 3E1.1 cmt. n.1(A) (explaining that "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility").

We have also considered Estep's contentions to overcome the presumption of reasonableness afforded her 180-month downward variant sentence and find them unavailing.  Despite Estep's suggestion to the contrary, the record confirms the court's consideration of both Estep's medical issues and family concerns in assessing the § 3553(a) sentencing factors.  And while Estep assigns error to the court not finding that her criminal history score was overstated, the court clearly relied on Estep's marginal criminal history (and low risk of recidivism) to support the downward variance.  Upon review of the totality of the circumstances in this case, we are satisfied that the sentencing court did not abuse "its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (cleaned up).

## II.

Dover's lone appellate contention is that she received ineffective assistance of counsel, in contravention of the Sixth Amendment.  Specifically, Dover asserts that her sentencing attorney was ineffective in that he should have sought to expunge a prior

7

misdemeanor conviction, which would have reduced Dover's criminal history score, and failed to adequately prepare for sentencing or pursue Guidelines objections.

We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the . . . record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up).  Because such claims generally are not cognizable on direct appeal, they should normally be raised in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record.  *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023).

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *id*. at 688, and overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689.  To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Allmendinger*, 894 F.3d 121, 126 (4th Cir. 2018) (internal quotation marks omitted).

The current record does not conclusively establish that sentencing counsel rendered ineffective assistance before the district court.  We thus conclude that this claim "should

8

be raised, if at all, in a 28 U.S.C. § 2255 motion." *Kemp*, 88 F.4th at 546 (internal quotation marks omitted).

III.

For these reasons, we affirm the appealed-from criminal judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*