**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-6830**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

MICHAEL JAMES YOUNG, JR., a/k/a Unc,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:17-cr-00575-CMC-1; 3:22-cv-01822-JMC)

———————

Submitted:  July 1, 2024                                    Decided:  July 23, 2024

———————

Before AGEE, THACKER, and HARRIS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Elizabeth Anne Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael James Young, Jr., seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689. To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Allmendinger*, 894 F.3d 121, 126 (4th Cir. 2018) (internal quotation marks omitted).

Limiting our review of the record to the issues raised in Young's informal brief, we conclude that he has not made the requisite showing. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important

2

document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").* Young has not established that reasonable jurists could debate the district court's finding that he was not prejudiced by his trial counsel's alleged errors.  Nor has he shown that reasonable jurists could debate the finding that his appellate counsel did not render deficient performance.  Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

*We note that Young argued for the first time in his response to the Government's motion for summary judgment that trial counsel rendered ineffective assistance by failing to advise him to express remorse during his trial testimony to improve his chance of receiving a two-level reduction to his advisory Sentencing Guidelines range for acceptance of responsibility.  The district court did not consider this argument, and we decline to do so for the first time in this appeal. *See Walton v. Harker*, 33 F.4th 165, 176 (4th Cir. 2022) (holding a party "cannot pursue claims that []he failed to plead and only raised for the first time in response to a motion for summary judgment"); *NAACP v. Bureau of the Census*, 945 F.3d 183, 193 (4th Cir. 2019) (explaining that "we are a court of review, not first review" (internal quotation marks omitted)).