**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6630**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALHAKKA CAMPBELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:18-cr-00124-HEH-1; 3:22-cv-00644-HEH)

Submitted:  June 10, 2025                                    Decided:  July 7, 2025

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Alhakka Campbell, Appellant Pro Se.  Robert Sunderland Day, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alhakka Campbell seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115–17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

On appeal, we limit our review to the issues that Campbell raised in the district court and that he also raises in his informal brief. *See Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances."); *see also* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Campbell argues that his appellate counsel rendered ineffective assistance in three ways: failing to argue that the government's search warrant should be invalidated, failing to argue that certain evidence was improperly submitted to the jury, and failing to move for a new trial.

2

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689. To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Allmendinger*, 894 F.3d 121, 126 (4th Cir. 2018) (citation modified). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. We have reviewed the record in light of this standard and find Campbell has not made the requisite showing.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3